In Equity.

HARRY MERRILL, Executor and Trustee,

*vs.*

FRED V. WOOSTER, Executor and Trustee, et al.

Penobscot.      Opinion January 12, 1905.

*Will.    Annuity.    Fund Set Apart to Meet Annuity.    Distribution of Residuum of Fund at Cessation of Annuity.*

Where an annuity is given by will the executor is authorized to set apart from the residue of the estate a sufficient sum to meet it, and the fund is subject to distribution, according to the will, when the annuity ceases.

As it is part of the residuum the executor never parts with the title, and even if treated as a trust fund for the benefit of the annuitant, it must be returned to the executor for administration and distribution when the quasi trust terminates.

A will which among other bequests gives a legatee "one hundred dollars, each year, for her own personal use as long as she may live," and provides that "the residue of my property after the above amounts have been paid and provided for to be divided equally between my heirs" is to be construed as giving the residuum to those who were the heirs of the testator at the time of his death in the absence of words indicating a clear intention that it should go to those who might be the heirs at the time of the happening of the contingency upon which the estate is to be distributed.

On report.    Bill in Equity.    Sustained.    Decree according to opinion.

The case fully appears in the opinion.

*F. H. Appleton and Hugh R. Chaplin,* for plaintiffs.

*Matthew Laughlin,* for Fred V. Wooster.   ⎱
*Albert L. Blanchard,* for Frank L. Marston. ⎰ Defendants.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J.   Bill in Equity for the construction of the will of Charles L. Marston, deceased.   On report.

The will, among other bequests, provides, in the fourth paragraph, as follows:

"To my daughter, Ada C. Wooster, I give and bequeath a note I hold against her husband F. V. Wooster for seven thousand dollars, together with whatever interest may be due on it, also three thousand dollars in cash to make up ten thousand dollars in all, also one hundred dollars each year for her own personal use as long as she may live."

The sixth paragraph of the will reads as follows:

"And the residue of my property after all the above amounts have been paid and provided for to be divided equally between my heirs."

It appears that the executors qualified as trustees and that the sum of $3200 was set apart as a trust fund and invested by them and $100 paid annually to the said Ada C. Wooster.   Ada C. Wooster a few years later died.   Thereupon her brother, Frank L. Marston, claimed the whole of said fund remaining, as surviving heir at law, and the executor of the will of Ada C. Wooster claimed that the fund should be divided between her estate and her brother.   The bill is brought by one of the executors and trustees of the will of Charles L. Marston to determine "to whom the funds in the trust created for the benefit of said Ada C. Wooster during her life shall be paid."

The other executor and trustee, being also the executor of the will of Ada C. Wooster, is joined as defendant.

Whatever confusion has arisen as to the construction of this will seems to be due to the attempt made to treat this fund of $3200 as a trust fund distinct from the residue of the estate.   There is no trust created by this clause of the will.   An annuity of $100 is given to Ada C. Wooster for life; and, as this annuity is payable out of the residuary estate, it was proper for the executors as such to set apart a sum sufficient to provide for the annuity.   *Treadwell* v. *Cordis*, 5 Gray, 341; *Cummings* v. *Cummings*, 146 Mass. 501, 2 Cyc. 467.

Even if the legal title to this fund had been held by trustees expressly appointed in trust for the life of the annuitant, it is clear that the gift of the residuum, including the trust fund, was to those who were the heirs of the testator at the time of his death. Such would be the construction of the will in the absence of words indicating a clear intention that it should go to those who might be in that relation at the time of the happening of the contingency upon which the estate is to be distributed. *Cummings* v. *Cummings,* supra. In the case however of this fund set apart, with the consent of the heirs, to answer the annuity, and much larger than was required therefor, the title has never passed from the executors, and the heirs at law have always had a vested interest in it. It has remained a part of the residue and subject to another distribution when the annuity ceased.

If the fund had been retained by the executors, as it should have been, they would have experienced no difficulty, upon the settlement of their final account, in obtaining an order for its distribution from the Probate Court. There is apparently nothing to hinder them from taking this course at the present time upon accounting for the fund as returned to them for administration according to the will of the deceased. And we answer that the fund is to be repaid to the executors of the will of Charles L. Marston, deceased, to be charged in their administration account and distributed, according to the will, by payment of one-half to said Frank L. Marston and the other half to the legal representative of Ada C. Wooster, deceased.

*Decree according to this opinion.*