SCHLATER ET AL. v. LEE ET AL. .

[78 South. 700, Division A.]

1. WILLS. *Vested remainders.*
   Generally speaking, where there is a bequest to one for life and after his death to the testator's next of kin, the next of kin who

are to take are the persons who answer that description at the death of the testator, and not those who answer that description at the death of the first taker, gifts to a class, following a bequest of the same property for life, vest immediately upon the death of the testator.

2. SAME.

Where there is a devise for life, with remainder to testator's heirs, such remainder is not contingent but vests at testator's death in his heirs then living.

3. SAME.

The law favors the vesting of estates at the earliest opportunity, and they will be deemed as vested at the earliest time unless the contrary intention manifestly appears.

4. WILLS. *Inconsistent provisions. Specific and general provisions.*

Even though the general rule is that, in case of conflict in the provision of a will, the last item shall control and annul the first provision, still the rule is that, where there is an inconsistency between two provisions in a will, one a specific and the other a general provision, the specific provision must prevail over the general provision, regardless of the order in which it stands.

5. WILLS. *Vested remainders. Change in character of property.*

The facts that property devised was to be sold on the death of the life tenant and the proceeds divided among the testator's heirs does not change the rule as to the vesting of the remainder.

6. WILLS. *Devise. Heirs.*

Unless it clearly appears otherwise from the plain language of the will, the class of persons described as the testator's "heirs," "heirs at law," "lawful heirs," will be deemed to be those living at the death of the testator and not at some subsequent period.

APPEAL from the chancery court of Lowndes county. HON. ALBERT Y. WOODWARD, Chancellor.

Suit by Randle Blewett Schlater, administrator *Com Testamento Annexo,* of Thomas B. Blewett, Sr., and others against Blewett Lee and others. From a decree sustaining demurrers to the bill, complainants appeal. The facts are fully stated in the opinion of the court.

*Granade & Granade,* for appellants.

*Sturdivant, Owen & Garnett* and *J. Boone,* for appellee.

HOLDEN, J., delivered the opinion of the court.

Thomas G. Blewett, Sr., died in Lowndes county in 1871, leaving a will in which certain real estate in the city of Columbus and Lowndes county was devised.

The controversy here arises out of the construction of items 1 and 5 of the will, which we here set out:

"Item 1. I give, devise, and bequeath to my son, Thomas Blewett (he sometimes writes his name Thos. G. Blewett, Jr.) the west half of the southwest quarter of Sec. thirty-one in township seventeen, range eighteen in Lowndes county, Mississippi, also one eighty, number not recollected (which may be ascertained by reference to the maps now [at] Jackson) which I understand he has under fence, together with any all notes and indebtedness that is now due and owing to me from said son Thomas, hereby acquitting and discharging him from the same. This devise to my said son Thomas to be in full of all demands on his part against my estate and to be all he is to receive therefrom, he not to account for the property heretofore given him, but the foregoing in addition thereto."

Item 5. I give, devise and bequeath to my daughter Mary Wooldridge and her heirs during her natural life my house and lot known in the plan of Columbus, Mississippi, as lot seventeen, and all the buildings thereon also all the land situated up and down the Luxapalila river above and below my old bridge, supposed three hundred and seventy acres more or less. At her death to be sold and the proceeds to be divided between my heirs share and share about; that is the above named lot and land. Also the furniture in the said house, she, is to have at her own disposal. I give in fee simple

my calash and harness and two horse wagon and harness
to her. I have already given her her plantation by deed
situated in Sunflower county, Mississippi. I also give
her in her own right my stock in Life and General Insur-
ance Company in this city of Columbus, being nine
thousand dollars. I also give her one bond on the
Mobile & Ohio Railroad for funding one thousand dol-
lars arrearage of interest with coupons attached (bond
No. 35). I also direct that she be paid five hundred
dollars out of any funds I may have on my hand at my
death. She is not to account for anything heretofore
given her. I also give her my silver caster. I further
give to my daughter Mary Wooldridge all my china set."

The complainants below, appellants here, among whom
are the lawful heirs of Thomas G. Blewett, Sr., claim
in their bill that they and the appellees herein are the
lawful heirs of Thomas G. Blewett, Sr., who were living
at the time of the death of Mary Wooldridge, a devisee
who was given a life estate in lot 17 in the city of
Columbus, and certain lands along Luxapalila river, in
the fifth clause of the will, and that upon the expiration
of the life estate so devised to Mary Wooldridge they
became the lawful owners of the said real estate. From
a decree sustaining demurrers to the bill filed by appel-
les, Blewett Lee et al., this appeal is prosecuted here.

A construction of items 1 and 5 will be sufficient to
settle this case. Reading the two items and considering
them together with the whole testament, we find that
the testator, Thomas G. Blewett, Sr., devised to his
daughter, Mary Wooldridge, a life estate in the property
involved here, and the remainder at her death to go to
the lawful heirs of the testator living at the death of
the testator.

Item 1 of the will devised to Thomas G. Blewett, Jr.,
certain property named therein, and expressly provided
that these bequests to the said Thomas G. Blewett, Jr.,
were to be in full of all demands on his part against
the estate of the testator, and that the bequest was to

be all Thomas G. Blewett, Jr., should receive from the
estate of the testator. This plain provision made by the
testator positively and undoubtedly excluded Thomas
G. Blewett, Jr., from any further participation in the
estate of Thomas G. Blewett, Sr., deceased.

The appellants rely upon two contentions for reversal
here: First, it is contended that the provision in item
5 that, "At her death to be sold and the proceeds to
be divided between my heirs share and share about; that
is the above named lot and land," should be construed
that the testator intended the property devised to his
daughter Mary Wooldridge for life, should go to the
heirs of the testator living at the death of Mary Wool-
dridge, and that the remainder in the estate after the
death of Mary Wooldridge did not vest at the time of
the death of the testator, but that such remainder was
contingent upon the death of Mary Wooldridge, and
that the estate in remainder did not vest until the death
of Mary Wooldridge; second, that the provision in
item 1, which excludes Thomas G. Blewett, Jr., from
sharing in the estate of the testator further than the
bequests to him in item 1, is in conflict with and re-
voked by the provision in item 5, which provides for
a sale and distribution of the remainder at the death
of Mary Wooldridge between the heirs of the testator.

We do not think the estate in remainder here was
contingent, but the remainder, which was limited by the
testator to his heirs, was a vested and not a contingent
remainder, and the heirs of the testator who were
living at the death of the testator were then and there
vested with the remainder estate, and not the heirs
who were living at the death of the life tenant. The rule
is well established in the United States, as laid down in
the leading English case of *Bullock* v. *Downs,* 9 H. L.
Cas. 1.  Lord CAMPBELL there said:

"Generally speaking, where there is a bequest to one
for life, and after his death to the testator's next of

kin, the next of kin who are to take are the persons who answer that description at the death of the testator, and not those who answer that description at the death of the first taker. Gifts to a class, following a bequest of the same property for life, vest immediately upon the death of the testator. Nor does it make any difference that the person to whom such previous life interest was given. is also a member of the class to take on his death.''

It will be observed that this rule, laid down in all the courts of this country and England, is applicable in the case before us now, and is good authority upon which we rest our conclusion that the appellant is wrong in his contention, and that the remainder after the death of the life tenant, Mary Wooldridge, vested in the heirs of the testator living at his death; that the estate was a vested remainder and not a contingent remainder. The legacy vested immediately upon the death of the testator, but the right to future enjoyment was contingent upon the death of Mary Wooldridge, the life tenant. The law favors the vesting of estates at the earliest opportunity, and they will be deemed as vested at the earliest time, unless the contrary intention manifestly appears.

These conclusions are uniformly supported by all the authorities, some of which we cite here: *McDaniel* v. *Allen,* 64 Miss. 417, 1 So. 356; *McArthur* v. *Scott,* 113 U. S. 340-378, 5 Sup. Ct. 652, 28 L. Ed. 1015; *Aldred* v. *Sylvester,* 184 Ind. 542, 111 N. E. 914.

As to the second contention of appellants, it is not quite clear to us that an irreconcilable conflict between items 1 and 5 exists. We may reasonably say that the provisions in the two items are not in conflict, but may be read together and harmonized so as to get the real intent of the testator from the language used in the two items. It is very clear that the testator intended by item 1 to make certain provision for Thomas G. Blewett, Jr., and to expressly exclude him from taking anything

further from the estate. At the death of the testator, Thomas G. Blewett, Jr., accepted and took the estate provided for him under item 1 of the will in lieu of any other claim; and he could not accept the bequest in item 1 and also claim an interest as an heir at the death of Mary Wooldridge, life tenant, as provided in item 5. However, we shall not pass upon the question as to whether there is a conflict in the two provisions of the will, as we think it unnecessary to do so, for the reason that, even though there be a conflict in the bequests in the two items, and even though we recognize as a guide the rule that, in case of conflict in the provisions of a will, the last item shall control and annul the first provision, still the rule is that, where there is an inconsistency between two provisions in a will, one a specific and the other a general provision, the specific provision must prevail over the general provision, regardless of the order in which it stands. Item 5 of the testator's will here being a general provision, and item 1 being a specific provision, the latter must control and prevail over the former. Therefore we hold that the legatee Thomas G. Blewett, Jr., was by express provision in item 1 excluded from taking from the estate of the testator under item 5 of the will. He had already been provided for by the testator at his death, at which time the other heirs of the testator took their vested remainder in the property involved in this suit, and upon the death of the life tenant, Mary Wooldridge, became entitled to the possession and enjoyment of the property in fee simple as against any claim of the appellant Thomas G. Blewett, Jr., or others claiming through him.

The appellant also urges that the heirs of the testator, including appellant, living at the death of Mary Wooldridge, the life tenant, took an interest in the property under the will, and not the heirs living at the death of the testator, for the reason that item 5 of the will provided that at the death of the life tenant, Mary Wool-

dridge, the property was to be sold and the proceeds divided between the heirs of the testator, and that therefore the heirs of the testator living at his death did not take a vested interest in the remainder because the remainder was to be converted and the proceeds to be distributed to the heirs of the testator. We can see no merit in this contention. The authorities seem to hold uniformly that this character of devise vests the remainder in the heirs living at the death of the testator, regardless of any subsequent change in the character of the property as provided by the will for distribution amongst the heirs named by the testator. In *Tazewell* v. *Smith,* 1 Rand. (Va.) 313, 10 Am. Dec. 533, in passing upon the will there, the Virginia court said:

"The first question which presents itself in this case . . . is whether the interest intended by the will of Benjamin Taliaferro for his two sons, Richard Henry and Henry Taliaferro, were vested and continuing interests at the time of their deaths. This question presents no difficulty. It is clearly a vested interest, unless a different result be produced by the testator having left the time of selling to the discretion of the executor. In every instance of a sale by an executor, some time must, of necessity, elapse between the death of the testator and the sale; and something is almost invariably left to the discretion of the executor as to the time of selling. Yet that makes no difference where, as in this case, the direction to sell is imperative. It has never been doubted that the devisee or legatee, for whose benefit a sale is thus directed, takes by the will an immediate vested interest. . . . Under such circumstances, the interest in the proceeds of the sale is as much a vested interest as if the land had been immediately and directly devised to the devisee."

See, also, *Allen* v. *Watts,* 98 Ala. 384, 11 So. 646; *Welch* v. *Blanchard;* 208 Mass. 523, 94 N. E. 812, 33 L. R. A. (N. S.) 1; *Murrill* v. *Wooster,* 99 Me. 460, 59

Atl. 596; *Fairly* v. *Kline,* 3 N. J. Law, 754, 4 Am. Dec. 415; *In re Thommon's Estate,* 161 Pa. 444, 29 Atl. 85; *Miller* v. *Gilbert,* 144 N. Y. 68, 38 N. E. 979; Tienken v. *Tienken,* 131 N. Y. 391, 30 N. E. 109; *Sayles* v. *Best,* 140 N. Y. 368, 35 N. E. 636; *Heilman* v. *Heilman,* 129 Ind. 59, 28 N. E. 310; *Bowen* v. *Swander,* 121 Ind. 164, 22 N. E. 727; *Rumsey* v. *Durham,* 5 Ind. 71; *Hawkins* v. *Bohling,* 168 Ill. 214, 48 N. E. 95.

We also think the position taken by appellant is untenable with reference to the general rule of testamentary construction, recognized under the common law, as to the meaning of "my heirs" as used by the testator in the will. Unless it clearly appears otherwise from the plain language of the will, the class of persons described as the testator's "heirs," "heirs at law," "lawful heirs," will be deemed to be those living at the death of the testator, and not at some subsequent period. This rule prevails in Mississippi. *Harvey* v. *Johnson,* 111 Miss. 566, 71 So. 824; *Dunlap* v. *Fant,* 74 Miss. 197, 20 So. 874; *Alexander* v. *Richardson,* 106 Miss. 518, 64 So. 217; *Harris* v. *McLaran,* 30 Miss. 572; 40 Cyc. 1459.

The decree of the lower court is affirmed.

*Affirmed.*