GEORGE v. ADAMS.[*]

[106 So. 359. No. 25321.]

(Division B.   Dec. 14, 1925.)

TRUSTS. . *Indefeasible estate in fee held vested in beneficiaries on death of grantor.*

Under deed in trust to hold an undivided half of the property for grantor's wife and an undivided half for his daughter, and any other children that might be born to him thereafter, with provision that, if any of them should predecease him, her or his interest should revert to grantor, and provision that on his dying before his wife her half should be set apart to her in fee simple, and that on the youngest of any child thereafter born to him attaining the age of twenty-one, or, if none, then on his daughter attaining that age, their respective interests should be set aside to them, provided that this should not be done till after his death, *held*, on his death, his wife, daughter, and a son born to him after execution of the deed surviving him, their interests became

completely vested in them, and were indefeasible estates in fee, the daughter having a fourth interest.

*Headnote. Trusts, 39 Cyc., p. 228.

APPEAL from chancery court of Leflore county.

HON. C. L. LOMAX, Chancellor.

Suit between J. C. Adams and Kate D. and Frank Aldridge George. Decree for Adams, and the Georges appeal. Affirmed and remanded.

*H. C. Mounger,* for appellants.

I. *Intention.* "In all wills the cardinal rule of construction is, of course, to ascertain the intention of the testator. Where, however, the terms of a will are expressed in words of clear and unambiguous meaning, there is no room to resort to other parts or items of it for construction." *Harvey* v. *Johnson* 111 Miss. 573. See, also, *Hubbard* v. *Selser,* 44 Miss. 711; *Beeks* v. *Rye,* 77 Miss. 365.

Katherine George never lived until her brother became of age. She never lived until the time for the property to be partitioned. Consequently, she got nothing. It all survived to the only other child. If there had been two or three other children, Katherine's interest would have survived to them and would have been divided between them respectively. They would have been the beneficiaries. Dr. Adams was not a beneficiary.

II. The estate conveyed by this deed to Katherine George and her brother was a cross-contingent remainder and passed to the survivor. If Frank Aldridge George had died first before reaching twenty-one, his estate would have passed to his sister. Fearne, Remain., 5; Cruise, Dig. tit. 16, Remainder; 4 Kent. Com. 198, 199; *Harris* v. *McLaran,* 30 Miss. 567; *Hubbard* v. *Selser,* 44 Miss. 711, 713; *Reber* v. *Dowling,* 65 Miss. 260 and 264; *Armstrong* v. *Thomas,* 112 Miss. 275; *Smith* v. *West,* 103

141 Miss.—10.

Ill. 332; *Golladay* v. *Knock*, 85 N. E. 649, 651 and 652; 23 R. C. L., pages 498-500.

III. *Cross-Remainders.* "A devise to several persons equally, with a provision that when either dies his share is to be divided among the rest, vests the property in the devisees as tenants in common, with cross-remainders between them, and the ultimate limitation to the last survivor. The heirs of the devisees other than of the last survivor acquires no title to the property. *Reber* v. *Dowling*, 65 Miss. 259, 3 So. 654, 7 A. S. R. 651; 23 R. C. L. 554-5; Tiedman on Real Property, sec. 404."

IV. *Vested Remainder.* "The fee in remainder was vested, but defeasible, and liable to be divested, upon the happening of the contingency named; to-wit, the death of either remainderman at any time without leaving a child or children surviving, when it (the estate in remainder) was to vest in the survivor or survivors and their children. The provision is not that the share or interest of the decedent shall vest in the survivors and children, but survivors and children shall take the whole property conveyed. The legal effect of the deed was, on the death of any of the remaindermen without child or children surviving him, to shift the whole estate in remainder and vest it as a whole in survivors and their children." *Mortgage Co.* v. *Bunckley*, 81 Miss. 604; *Mitchell* v. *Choctaw Bank*, 107 Miss. 314-321; *Ebey* v. *Adams*, 135 Ill. 80; *Dunlap* v. *Fant*, 74 Miss. 198, 211, 213; *Beeks* v. *Rye*, 77 Miss. 359 and 365; *Busby* v. *Rhodes*, 58 Miss. 237, 240.

The half of the estate set apart to the children survived to Frank Aldridge George on the death of his sister on his reaching the age of twenty-one, and Dr. Adams got nothing. This may work a hardship on him, but it carries out the intention of the donor as manifest from the deed.

*R. L. McLaurin* and *T. C. Catchings,* also, for appellant.

I.   The interest conveyed to the daughter of Mr. P. S. George, Katherine George Adams, under the deed executed by Mr. P. S. George on February 8, 1901, was a contingent and not a vested interest. 2 Devlin on Deeds, sec. 836; *Ball* v. *Phelan et al.,* 94 Miss. 316; *Gollday et al.* v. *Knock et al.,* 235 Ill. 412, S. C. 85 N. C. 649; *Strode et al.* v. *McCormick et al.,* 41 N. E. 1902 (Ill.); *Dixon et al.* v. *Dixon et al.* (Kans.), 116 Pac. 886; *Brooklyn Trust Co.* v. *Phillips,* 134 App. Div. 697, 119 N. Y. Supp. 401, affirmed without opinion in 201 N. Y. 561, 95 N. E. 1124; *Lewisohn* v. *Henry,* 178 N. Y. 352, 72 N. E. 239; *Hall* v. *Hall,* 123 Mass. 120; *Engle's Estate,* 167 Pa. 463, 31 Atl. 681; *Re Sweitzer,* 1 Woodw. Com. Pleas. (Dec.) 295; *Thomas* v. *Thomas,* 97 Miss. 697, 53 So. 630; *Major* v. *Major,* 32 Gratt. (Va.), 819; *Allen* v. *Whitaker,* 34 Ga. 6; *Gifford* v. *Thorn,* 9 N. J. Eq. 702; *Snow* v. *Snow,* 49 Me. 159; *Giles* v. *Franks,* 17 N. C. (2 Dev. Eq.) 521; *Jackson's Estate,* 209 Pa. 520, 58 Atl. 890; *Lemacks* v. *Glover,* 1 Rich, Eq. (S. C.) 141; *Talley et al.* v. *Ferguson et al.* (W. Va.), 62 S. E. 456; *Monday et al* v. *Vance et al.* (Tex.), 49 S. W. 516; *Gadberry et al* v. *Sheppard,* 27 Miss. 207; *Burnett et al.* v. *Strong & Burnett,* 26 Miss. 123; *Morse* v. *Hayden,* 19 Atl. 443; *New Orleans, Jackson & Great Northern R. Co.* v. *Hemphill,* 6 George 22.

II.   If the instrument did not convey to Katherine George Adams, a contingent interest, then the estate conveyed was a defeasible estate in fee. *Busby* v. *Rhodes,* 58 Miss. 240; *Halsey* v. *Gee,* 79 Miss. 193; *Dunlap* v. *Fant,* 74 Miss. 197; *Ball* v. *Phelan,* 94 Miss. 293; *Armstrong* v. *Thomas,* 112 Miss. 272; *Beeks* v. *Rye,* 77 Miss. 365.

III.   The right to alienate by the terms of the trust deed remained in the trustees until Frank Aldridge George should become of age and no vested interest could attach before the expiration of this right.

IV. If appellee, Mr. J. C. Adams, has any interest at all in the estate of Mr. George, it is only a one-twelfth interest. Tiedman on Real Property, sec. 385.

*Julian C. Wilson, Luke Hayes,* and *Wilson, Gates & Armstrong,* for appellee.

This case involves the question of whether appellee, a surviving husband of a childless wife, inherited lands or personalty, or both, beneficially given to her in a deed from her dead father. The only limitation of her interest expressed in the deed of settlement was a reverter in the event she predeceased her father. She did not predecease him, but survived him, married and died childless, leaving her husband, appellee, as her only heir and next of kin. So the condition or limitation that the estate revert if her father survived her never took effect.

The equitable interest and title to all the property conveyed was given, after his death, one-half to the settlor's wife and one-quarter each to his two children. The wife obtained partition at once and the two children were entitled to and enjoyed the income until the younger became of age, and then the trust ended and they were entitled to partition. It is only because this actual physical partition of the *corpus* was postponed until the younger child had arrived at majority that it is now claimed in spite of full enjoyment of the use and usufruct, that vesting the beneficial title was also postponed and suspended.

None of the events which could possibly divest Mrs. Adams' title occurred, and at her death nothing remained to be done saving the actual division of one-half of the property between her and her brother, which would *ipso facto* terminate the trust. It is only upon this unrealized partition and delivery of the *corpus* of the property that any question is made to hang.

I. Unless the deed plainly and clearly limited her estate to less, Mrs. Katherine Adams took an unqualified

fee at the death of her father. Section 2268, Hemingway's Code, section 2764, Code of 1906. Since there were no express words of limitation of her estate, and as it did not clearly appear from the deed that a less estate was intended, Mrs. Katherine Adams did take a fee simple title without further condition or restriction upon P. S. George's death, and it was an estate of inheritance in her and so was inherited.

II. The fact that Mrs. Katherine Adams' estate was held in trust for her or that it was an equitable estate of which she was the *cestui que trust*, does not in the least prevent it from descending as real estate, to which she might have held the legal title without the intervention of trustees. Section 1384 Hemingway's Code, section 1652, Code of 1906.

The fact that the realty was, or may have been converted into personalty, does not in the least change the course of descent, inheritance and distribution. Section 1385, Hemingway's Code, section 1653, Code of 1906.

III. The share in remainder given Katherine George (later Adams) in the deed of settlement was a present vested interest in fee even though she should not enjoy its absolute possession until her father's death. The law favors the early vesting of estates and if the intent is not plainly otherwise, the estate is held to be vested even though it may be defeated or may open up to let in the afterborn. *McDaniel* v. *Allen,* 64 Miss. 417; *Branton* v. *Buckley,* 99 Miss. 116.

So in this deed the interest of Katherine Adams was a remainder vested in her at the time the deed was executed, subject to be divested on her death before her father, which did not happen. Her half given was also subject to be cut down, and was cut down to a fourth by the birth of her brother. It was none the less a vested remainder in her and so an estate of inheritance, which was

in fact inherited by her husband, Dr. Adams. *Branton* v. *Buckley,* 99 Miss. 116.

IV.   Even if the gift to Katherine Adams was a contingent remainder not to take effect until her father's death, yet it vested when he died and was no longer contingent, because the contingency upon which it is claimed to have depended had occurred.   In the deed the trustees were to hold for Katherine, the daughter, right then and there, but were to cease so holding for her if she died before her father.   The condition on which she was to lose her estate by what was so aptly termed a "reverter," was her predeceasing her father, which was thus made a condition subsequent.   The courts, the law, and policy, favor vested instead of contingent remainders, and conditions subsequent instead of precedent.   Therefore, to construe a remainder as contingent instead of vested, clear words must be used to show a condition precedent instead of a subsequent condition causing reverter and divesture of title.   *Schlater* v. *Lee,* 117 Miss. 701.

It will be observed that all the cases cited by appellants for conditions precedent creating contingent remainders, rather than vested remainders, there are used, necessarily, some word, expression or provision indicating that it is only upon or at the happening of an event not certain to occur, or when or if it happens, that the estate is to be given and take effect.   In none of them holding for conditions precedent are words used showing an immediate grant or use, right or interest, later to be divested or to revert upon the happening of an uncertain event.   The latter cases; to-wit, those which give property but provide for its reverting or going elsewhere, in eventualities, are well known as conditional limitations terminating an already vested estate, and they are fully inheritable.   So in this case, even if it should be true that Katherine George (later Adams) took a remainder contingent upon the condition precedent that she survive her father, certainly she did so survive him.   When he died and left her living, there was no longer any contingency that she

might or might not survive him. She had done so, and lived after that for two years. Upon his death, she living, there was no longer anything to happen to vest the estate, and it certainly was then vested in her without further contingency of any kind. Being here without further contingency, it was inheritable and so inherited by the lawful heir and distributee.

There is neither provision in fact nor implication in law that in this division only the living children should share, while the babe of the dead child should be turned away. The claim that Katherine must live until her then unborn brother became of age is without support.

V. *The class doctrine.* The gift to Katherine George (later Adams) was not a gift to a class of which she was a member and took a ratable share, but was a gift to her individually by name. This is true even if it is also true that a class (to-wit: later born children) were to be admitted to share with her, and so cut down her own gift. *Branton* v. *Buckley,* 99 Miss. 116; *Marx* v. *Hale,* 131 Miss. 290.

Nor is it important in this case under the rule of law plainly and repeatedly laid down in Mississippi whether the gift to Katherine was in fact to her as a member of a class. In Mississippi at least, a gift to a class vests immediately on the delivery of the conveyance (or death of testator) and the shares of all members of the class in existence when the deed is made, but dying before the period fixed the ascertainment of its members, do not lapse but go to the representative or heir of the dead member of the class. *Branton* v. *Buckley,* 99 Miss. 116; *Schlater* v. *Lee,* 117 Miss. 407.

Argued orally by *H. C. Mounger,* for appellant and *Julian C. Wilson,* for appellee.

Holden, P. J., delivered the opinion of the court.

The suit involves the construction of a deed executed in 1901 by P. S. George, conveying in trust certain prop-

erty mentioned therein for the benefit of his wife, daughter, and son, the grantor, or settlor having died in 1919. The deed of the deceased P. S. George, with its different provisions, will more fully appear hereinafter. The appeal is to settle the principles of the case.

The case may be briefly stated as follows: P. S. George in 1901 conveyed his interest in "Runnymede plantation" to trustees to hold in trust one-half for his wife, Kate D. George, and one-half for his child, Katherine George, and any other children that might be born to him thereafter. In 1903, two years after the deed was executed, Frank Aldridge, the son of P. S. George, was born. Therefore it will be seen that the one-half interest left to the daughter, Katherine, must be divided with her brother, Frank Aldridge George, as provided in the deed.

In 1917 the daughter, Katherine, married Dr. J. C. Adams, the appellee herein; and in 1921 Katherine George Adams died without leaving any children. Her husband, Dr. J. C. Adams, claims by inheritance from his deceased wife the one-fourth interest she owned in the property at the time of her death.

P. S. George died in 1919, and, it will be observed, left surviving him his daughter, Katherine, and his son, Frank Aldridge George, and his wife. Mrs. George, the wife, soon after the death of her husband, took her one-half portion of the property, and the son and daughter enjoyed their part of the income from the property while waiting until the younger became of age so they might partite their one-half of the property between them. as directed by the provisions of the deed which we shall presently quote.

After conveying the property to the trustees for the benefit of the wife and daughter and any other children that might be born to him thereafter, the deed contains the following provisions which are pertinent to the issue involved in this case:

"During my life said grantees shall apply the income, rents, profits, and proceeds of every kind, in their discretion, to the support of myself and my family and the

payment of any debts which I now owe, but under no circumstances shall said property or any of the income, rents, profits, or proceeds of any kind from said lands be applied to the payment of any debts which I may hereafter contract.

"The said grantees are to hold said property herein conveyed as follows: One undivided half thereof for my wife, Kate D. George, and one undivided half for my daughter, Katherine George. Should any children be hereafter born to me, such child or children shall share equally with my daughter, Katherine George, in the one-half held by said grantees for her as aforesaid. If I survive my said wife, the interest herein declared for her benefit shall revert to me. Likewise, if I survive my said daughter, Katherine, upon her death, her said interest as herein declared shall revert to me. If any child or children shall be hereafter born to me and shall die before I do, the interest of such child or children shall revert to me.

"If I should die before my said wife, she may ask for and have partition of said property, and upon her application in writing to said grantees, for such partition, they shall within three months, unless said application be before that time withdrawn, proceed to set apart to said Kate D. George one-half of said property in fee simple, and shall make her a deed thereto, but in the event the said Kate D. George should not be satisfied with said partition, she may within six months from the tender to her of said deed, file her petition in the chancery court of said county asking for partition under the laws in relation thereto then in force, and the partition made by the Commissioners to be appointed as now provided by law, shall when confirmed by the court, supplant and be paramount to said partition by the grantees herein; the acceptance by the said Kate D. George of the deed made by said grantees as aforesaid shall waive any right to partition by the courts as aforesaid.

"When the youngest of any children which may be hereafter born to me, or if no child or children shall be

hereafter born to me, then when my said daughter shall attain the age of twenty-one years, if I shall not then be living, said property herein conveyed or any property hereafter purchased by said . grantees as hereinbefore provided, shall be partitioned, and to each of the beneficiaries shall be set apart by the grantees herein, as hereinbefore provided for partition in the case of said Kate D. George, their respective interest in said property as herein declared: If I should be living at the time of the happening of said event, said property shall not be partitioned until after my death and upon my death same shall be partitioned as hereinbefore provided.''

It is the contention of the appellee, J. C. Adams, which contention was sustained by the lower court, that the deed by P. S. George to the trustees conveyed an equitable interest of one-half to the wife and one-fourth each to the daughter, Katherine George, and son, Frank Aldridge George; that this interest in the property was a vested interest upon the execution and delivery of the deed to the trustees, and was subject to defeat only by the death of the beneficiaries before that of the settlor; and that since P. S. George, the settlor, died before the beneficiaries, the estate vested completely in the beneficiaries named, to-wit, one-half to the wife and one-fourth each to the daughter and son. The appellee also urges that even if the interest conveyed by the deed was contingent, though it is claimed by appellee to have been a vested interest, still there can be no doubt that the interest vested wholly and completely in the beneficiaries at the time of the death of the settlor in 1919; and that it follows therefore that the deceased, Mrs. Katherine George Adams, was the owner in fee of a one-fourth interest in the Runnymede plantation, and when she died without children the husband Dr. J. C. Adams, appellee herein, inherited the interest in the property that belonged to his deceased wife.

The opposite contention of appellants herein is as follows:

"First, that the interest conveyed to the daughter of Mrs. P. S. George, Katherine George Adams, under the deed executed by Mr. P. S. George on February 8, 1901, was a contingent and not a vested interest; second, if the instrument did not convey to Katherine George Adams a contingent interest, then the estate conveyed was a defeasible estate in fee; third, the right to alienate by the terms of the trust deed remains in the trustees until Frank Aldridge George should become of age, and no vested interest could attach before the expiration of this right; fourth, if appellee, Mr. J. C. Adams, has any interest at all in the estate of Mr. George, it is only a one-twelfth interest; fifth, under the terms of the trust deed, there could be no power to partition the property before the debts of P. S. George were paid."

We have carefully considered the propositions presented above by counsel for appellants, and we are unable to see wherein any of them are maintainable. A lengthy discussion of the several grounds would hardly be advantageous, and we shall consider it sufficient to refer to the points raised in a general way. We are rather of the opinion, though we do not decide because unnecessary to do so, that the deed from P. S. George to the trustees conveyed a vested interest to the beneficiaries, subject to defeat only in the event that the grantor survived the beneficiaries; the grantor providing that in that event the property should "revert" to him. But even though the interests were contingent while the grantor was alive, still it is too plain for argument that when he died the interests in the property became completely vested in the beneficiaries, and was an indefeasible estate in fee; and the one-fourth interest owned by the deceased daughter, Katherine George Adams, passed to the appellee, Dr. J. C. Adams, by inheritance. And the reasons advanced by us above supporting our view in answer to the first contention made by appellants answers, we think, all the other four contentions set out above, and leads us to the conclusion that the lower court was correct in holding that the appellee, Dr. J. C. Adams, takes in fee simple the

one-fourth interest in the Runnymede plantation which was owned by Katherine George Adams at the time of her death.

But we may say further, in passing upon the last four points presented by appellants, that the deed of P. S. George contains no provisions which qualify the one-fourth interest of the daughter after the death of the father; her interest could not fail after his death, even though the form of the property be changed by the trustees in the deed. *Schlater* v. *Lee*, 117 Miss. 701, 78 So. 700.

The decree of the lower court will be affirmed and the case remanded.

*Affirmed and remanded.*