JAMES M. BLOODWORTH vs. UNITY E. STEVENS, Adm'x.

1. RENT: *Recoupment. Replevin.*
   Justification of torts is not admissible by setoffs, generally, and is excluded in actions *ex delicto;* but in an action of replevin, testing the legality of a distress, the issue presented as to the "unlawful taking", rests upon the fact, whether the rent is or is not due; and the tenant may show any matter competent to discharge this liability.

2. SAME: SAME: *Damages.*
   The right of recoupment exists where the cross demands grow out of the

same transaction. In a contract of mutual stipulations, the violation or breach of a covenant and its consequent damages, though unliquidated, may be shown in satisfaction of any demand predicated upon such contract.

3. SAME: *Its incidents. Secs.* 1134, 1620.

Rent is an incident to the reversion, and, before maturity, follows by operation of law, the title to the premises. If accrued before the death of the lessor, it belongs to the personalty of the estate, and goes to the personal representative. If accrued after the death of the lessor, it follows the reversion and belongs to the heir. Sections 1134 and 1620 of the Code of 1871 conform in their theory to this common law doctrine as to the destination of rents, and are merely declaratory of the rule.

4. SAME: *Apportionment of rent. Sec.* 1639 *of Code of* 1871.

There is no provision in our law for the apportionment of rent, except section 1639 of the Code of 1871. The provisions of this section have exclusive application to a tenant for life who has demised lands, etc.

ERROR to the Circuit Court of *Tallahatchie* County.

Hon. E. S. FISHER, Judge.

Plaintiff in error rented to the defendant's intestate certain lands for 1872, for $495, and the intestate died before the debt matured; defendant in error, as administratrix, distrained for the unpaid rents, $361. Levy was made. Plaintiff in error replevied the property taken, returnable to the circuit court at the October term, 1873. Plaintiff filed a declaration in replevin. Defendant made avowry of the debt ; pleaded that no part of the debt was due. Plaintiff offered to prove, by his own evidence, the contract for rent. Objection was made that it was against the estate of a deceased person. The objection was sustained. It was proved that defendants agreed to keep up a part of the fence ; that plaintiff was to keep up the other part, and receive pay therefor. Plaintiff proposed to prove that, by reason of a failure of decedent to keep up his part of the fence, stock broke in and damaged plaintiff $600. This was objected to upon the ground that such damages were too remote to be given in recoupment. The objection was sustained.

The court refused to instruct the jury that said rent debt descended to the heirs at law of the decedent, and was not assets in

the hands of his administratrix; but, in lieu thereof, instructed the jury substantially, that the same was assets in the hands of the said administratrix.

The jury found for the defendant in error; and the case comes to this court upon a writ of error.

The errors assigned are as follows :

1. The court erred in excluding the evidence of plaintiff in error, the reason being that he was seeking to establish his demand against the estate of decedent.

2. The court erred in excluding evidence of damages from the jury, the same being offered in recoupment of rent claimed.

3. The court erred in ruling that the claim belonged to the administratrix as such, and not to the heirs at law of decedent.

*Bailey & Boothe*, for plaintiff in error :

We submit the action of the court is not sustained by the code of 1871, § 758. The landlord is bound by his covenants to repair. Taylor on Land. and Ten. (4 ed.), §§ 327, 372. He is liable for damages for a breach of contract, and in an action growing out of the same contract, such damage may be given in recoupment. Taylor on Land. and Ten. (4 ed.), §§ 373, 374 and notes. The rents, having become due after the death of the decedent, were not assets in the hands of the administratrix. Taylor on Land. and Ten. (4 ed.), § 390, and authorities; Code 1871, §§ 1134, 1639. The Code of 1871, § 1620, applies only to rents due and in arrears at the death of the landlord. Compare §§ 1134, 1620 and 1639, Code 1871.

*Fitzgerald & Marshall*, for defendants in error :

The court ruled correctly in excluding the evidence to prove the contract. Lamar et al. *v.* Williams, 39 Miss., 347. As to the exclusion of evidence to prove the damages, the authorities cited by counsel for plaintiff in error sustains the action of the court. Taylor on Land. and Ten. (6 ed.), §§ 329 and note 2, 331 and note 3. Plaintiff ought to have made the necessary repairs, and charged for it. The vital question is, whether or not the rent was assets in the hands of the administratrix. At common

law, counsel for plaintiff in error is clearly right; but we rely wholly upon the statute.   Code 1871, § 1134, repeals the common law.   A construction of the sections mentioned does not work out the result contended for, and section 1639 does not apply to this case.

SIMRALL, J., delivered the opinion of the court.

W. E. Stevens, administratrix of Wiley H. Stevens, deceased, averred the taking of the six bales of cotton by an attachment for rent, sued out by her as administratrix, against Bloodworth.

The tenant pleaded no rent due, and filed a notice that on the trial he would introduce evidence to show the damages arising from the nonperformance (by the intestate or said administratrix) of the contract of the intestate to repair the fencing on the demised premises, and keep the stock off the lands cultivated by him.

On the trial, it was proved that Bloodworth leased from Wiley H. Stevens, the intestate, for the year 1872, 99 acres of land at $5 per acre, and that the intestate agreed to keep in repair that portion of the fencing on the eastern boundary of the premises, and prevent any stock from getting into the field and damaging the crop "in that quarter."   It was then proved that the fence on the eastern boundary was, in July, "very bad, and at places it was little better than no fence at all," and it remained in that condition during the balance of the year.   Testimony was then offered to prove that the stock entered the premises over the fence which the intestate was bound to repair, and damaged the crop to a large amount.   Objection was made by the avowant, when the court excluded the testimony, on the ground as stated in the bill of exceptions, "that such damages were too remote to be given in recoupment of the rent claimed."   That ruling of the court is assigned for error.

According to the earlier practice, such defense could not be made.   But it is now well settled that the tenant need not sue in a cross action, and may set up his damages in extinguishment or

reduction of the demand of the landlord in his action. This right of recoupment arises where the cross demand grows out of the same contract or transaction. Whenever the contract contains mutual stipulations, the defendant may rely upon some breach of the covenant or engagement in his favor, and the damages accruing therefrom, as a total or partial satisfaction of the demand arising out of another part of the same contract, the subject of the plaintiff's suit. Taylor on Land. and Ten., § 374; Batterman *v.* Pierce, 3 Hill (N. Y.), 171; Wright *v.* Lattin, 38 Ill., 293. Nor is the right at all affected by the fact that the damages are unliquidated. Id.

The reason which vindicates the principle, illustrates its wisdom and beneficence. It proposes in one suit to compensate the respective claims of the parties, arising out of the same transaction. Thereby a multiplicity of suits is avoided, and one action accomplishes what otherwise would require two.

There might, perhaps, be some doubt whether recoupment is allowable in this suit. Replevin is in form an action *ex delicto*, and seeks damages for the unlawful taking, etc., of the goods. It has been settled in England that a setoff cannot be pleaded, because it is no justification to a tortious act. But that principle does not preclude the tenant from pleading anything in bar to the avowry, which shows that the rent claimed, or any part of it, is not in reality due and owing ; for it is, the nonfulfillment of the duty to pay rent, which is the ground of the distress. It would be but reasonable and just if the lessor had agreed to do certain things which formed the inducement in part to pay the stipulated rent, and he failed to perform his agreement in that behalf; that the tenant should set up such breach of the contract, and the loss which he sustained, as satisfaction in full or in part for the rent. The doctrine is supported by authority. M'Crelish *v.* Churchman, 4 Rawle, 26 ; Fairman *v.* Fluck, 5 Watts, 516, 517 ; Peterson *v.* Haight, 3 Whart. (Penn.), 152. It was error, therefore, to have excluded the testimony.

There was no objection in the circuit court to the form of the

plea to the avowry. The law arising on the facts placed before the jury under this plea, as entertained by the circuit judge, is disclosed in his refusal to instruct the jury "that if they believed * * that Stevens died before the rent * * became due, that the rent descended to his heirs, and was not assets * * of the administratrix, and the distress warrant was wrongfully sued out, they will find for Bloodworth," and in lieu of this instruction, granting a charge to the effect "that if the jury believe from the evidence that said rent was due and in arrear at the time the distress warrant was sued out, that the same was rightfully sued out by said administratrix, notwithstanding said Wiley H. Stevens died before the rent became due, they will find for avowant." These rulings of the court were excepted to by Bloodworth.

The proof was, that the rent was to be due at the end of the year. The avowry admits that part of it had been paid, and that the attachment was taken out for the residue, three hundred and sixty-one dollars. It was shown that the lessor, the intestate, died in March, about eight months before the expiration of the term; and the rent became due.

Rent is a compensation for the premium of a corporeal inheritance, and a profit either in money or some other thing, etc., issuing out of land in return for its use. 2 Beav., 437. It is incident to the reversion, attaches itself to the ownership, and follows a transfer of the premises. Rent to accrue follows the reversion into the hands of an assignee, to a purchaser at sheriff's sale. Bank v. Wise, 3 Watts., 394; Van Wicklen v. Paulson, 14 Barb., 654. At common law, if the lessor dies on the day preceding the day of payment, the rent will go to the heir as incident to the reversion, and as part of the real estate. 3 Watts., 399.

In Wolf et al. v. Johnson, 30 Miss., 515, the question was the same as in this case. Johnson sued upon a promissory note given for the rent. Pending the term, and before the rent became due, the premises were sold under a foreclosure decree. The tenant resisted the demand of Johnson, the lessor, on the ground that the rent belonged to the purchaser. The court said " that the ten-

ant may show that the landlord's title has passed by operation of law to another, or that it has been sold under judgment or decree, etc., all after the contract of lease was entered into."

By act of parliament (4 and 5 William IV, ch. 22), rent service and rent charge, which are determined by the death of a person between rent days, are collectable *pro rata*, upon a principle of apportionment. We have no such statute in this state.

We have examined the several sections of the revised code, 1871, viz: §§ 1134, 1620, referred to by counsel for defendant in error, and do not think that they change the common law rule as to the destination of rent after the death of the lessor. But to the contrary, section 1636 is in this respect declaratory of the common law. It gives the remedy to the executors and administrators of any person "unto whom any rent is or shall be due, and not paid at the time of his death by action of debt, covenant or assumpsit, for all such arrearages of rent; and also the remedy of distress. * * And the said executors or administrators for the same distress may make avowry upon the matter aforesaid."

This section recognizes the right of the personal representative to pursue any of the remedies named, to recover rent due and not paid to the lessor at the time of his death. It has no application to rent which accrued afterwards. There is no provision in the statutes that has come under our observation, except § 1639, which applies exclusively to a tenant for life who has demised premises. "If the tenant for life die before the day when any rent is to become due, the executor or administrator may recover the proportion of the rent which accrued before the time of his death."

The rule here is as at common law, that rent due at the time of the death of the lessor goes to his personal representative; but rent which accrued afterwards follows the reversion as an incident, and belongs to the heir. The exception is made by the statute last referred to, in behalf of a life tenant who has made a

demise, and dies, which gives to his personal representative the rent up to the time of his death, proportionately.

If that rule were applicable in this case, nothing would be due the administratrix, for the tenant has paid more rent, proportionally, than arose up to the 12th of March, the date of the lessor's death.

For the errors herein indicated, the judgment is reversed, and the cause is remanded for a *venire de novo*.