BENTON *v.* FRIAR.

(Division B. Nov. 5, 1934. Suggestion of Error Overruled Dec. 17, 1934.)

[157 So. 356. No. 31369.]

H. B. Everitt, of Pascagoula, and Chas. E. Clark, of Ocean Springs, for appellant.

Fórd, White & Morse, and **W. T. Moore,** all of Gulfport, for appellee.

Argued orally by **H. B. Everitt** and **Charles E. Clark**, for appellant, and by **W. T. Moore**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Appellee, Mrs. Rita Brown Honor Friar, filed suit in the chancery court of Jackson county, Mississippi, against Mrs. Nell Benton, executrix of the estate of Mrs. Margaret Sodon Honor, deceased (who was the surviving widow of one John B. Honor), and others, alleging that Mrs. Friar was a minor and appeared by her husband as next friend, and that Mrs. Nell Benton individually, and as executrix of the estate of Margaret Sodon Honor (Mrs. John B. Honor), whose last will and testament was probated in Jackson county, Mississippi, and others whose names and residences are set forth, were the defendants; and also alleging that the complainant was the adopted daughter of said John B. Honor, deceased, and his wife, having been adopted under the laws of Louisiana, by which she was given all the rights and privileges of a legitimate child. That John B. Honor departed this life on August 21, 1929, and thereafter in the matter of the succession of John B. Honor, deceased, in the civil district court of the parish of Orleans, state of Louisiana, a judgment was entered wherein Rita Brown Honor, being the same person as Mrs. Rita Brown Honor Friar, was recognized as the sole heir of her deceased father through adoption, and entitled as such to the ownership of one undivided half of all the property left by said John B. Honor, subject to the usufruct in favor of her mother by adoption, Mrs. Margaret Sodon Honor, widow of John B. Honor, who had an undivided one-half

interest in all the property left by John B. Honor, deceased, and that the widow, Mrs. Margaret Sodon Honor, had the usufruct of the other undivided one-half; and that thereafter, on August 14, 1930, Mrs. Margaret Sodon Honor died in Ocean Springs, Mississippi, in possession of all the property of said Rita Brown Honor Friar inherited from the estate of her father by adoption, and of a large real and personal estate in said county, leaving a last will and testament which was duly admitted to probate in the chancery court of Jackson county, Mississippi.

The purpose of the bill and the prayer thereof was to have a construction of the will of Mrs. John B. Honor, and for the share of appellee in the property of John B. Honor, deceased, of which Mrs. John B. Honor had a life usufruct, which said will reads as follows:

"I bequeath to my adopted daughter, Rita Brown Honor, one-half of my entire estate to be held in trust as hereinafter set out. For all her goodness, faithfulness and kindness to me I bequeath to my niece, Nellie Benton, the sum of ten thousand dollars. I bequeath to my sister-in-law, Maria Honor, the sum of five thousand dollars. I bequeath to my sister, Bridget Sodon, the sum of five thousand dollars. I direct that the foregoing legacies shall have priority and be given in full. In the event that there be a deficiency of assets for the full payment of the legacies hereinafter given, I direct that such hereinafter legacies shall abate proportionately in favor of those given above. I bequeath Rose Schully the sum of two thousand dollars. I bequeath Mrs. A. V. Rosambeau two thousand dollars. I bequeath Stelle Rebentisde the sum of two thousand dollars. I bequeath Natalie Benedict the sum of two thousand dollars. I bequeath

Rita Seiler the sum of two thousand dollars. I bequeath Alan Schully the sum of one thousand dollars. I bequeath Laura Sodon the sum of five hundred dollars. I bequeath my household furniture and effects to Nell Benton, desiring that in the event that should I predecease my sister Bridget Soden that she shall have a portion of said furniture as Nell Benton shall decide. I devise and bequeath the residue of my estate to Nell Benton. I name Nell Benton to be the executrix of this my last will and testament without bond. I name and designate Nell Benton to be my guardian of my daughter, Rita Brown Honor, during her minority and to be trustee of her estate until she shall reach the age of twenty-five years. Said Nell Benton to hold the estate of the said Rita Brown Honor in trust, paying to my said daughter such portions of the income and principal of said estate as my trustee shall deem proper until the said Rita Brown Honor shall have reached the age of twenty-five when her entire estate shall be turned over to her without reserve. I authorize and direct my said executrix to sell any and all real estate belonging to my said estate, under such terms and conditions as to her may seem proper, and to execute and deliver all deeds or other writings necessary to convey title thereto. Written, signed and dated wholly in my own handwriting at Ocean Springs, Mississippi, this 17th day of November, 1929, on two sheets of paper, of which upon each I have written my name.

"Mrs. John B. Honor."

The chancery court construed the will, but reserved decision on the part of the bill relating to the estate of John B. Honor, deceased, the effect of the decree being that, under the will of Mrs. John B. Honor, the appellee, Rita Brown Honor Friar, had one-half of the estate left by Mrs. John B. Honor under her will, and that the expenses of the administration, funeral expenses, etc., and

other claims should be paid out of the residuum estate, if sufficient, which the chancellor held was sufficient to pay all legacies, costs of administration, etc., and that these costs should be paid out of the residuum estate rather than out of the half devised to the appellee, and the legacies left to Nell Benton, Maria Honor, and Bridget Sodon, and that if the estate was not sufficient to pay the legacies to the other named legatees, their shares would be abated proportionately.

It is contended here that the share of the estate left to the appellee, Rita Brown Honor Friar, was one-half of the estate after payment of the debts, funeral expenses, etc., and cost of administration, and that these costs should be paid first, before paying to said appellee her half of the estate. In other words, it is contended that the costs of administration, funeral expenses, and all debts should not be taxed against the residuary estate, nor against the deferred bequests, or bequests made secondary under the will. The rule is to gather the intention of the testator, if possible, from the entire will, considering all its provisions together.

We think it is clear from the expression in the will, "I direct that the foregoing legacies shall have priority and be given in full" and the direction that if the assets were not enough, that the "legacies hereinafter given" were to be abated proportionately, was to make the residuum liable for the cost, expense, etc. The effect of making the one-half interest of Rita Brown Honor Friar, and the legacies to Nell Benton, Maria Honor, and Bridget Soden preferred, was to cast the burden of the expenses of the administration, etc., upon the other bequests, and the residue of the estate bequeathed to Nell Benton, which distinguishes the case at bar from the case of Fisk v. McNiel, 1 How (Miss.) 535. The rule announced in that case, without a provision in the will changing the effect of it, would apply where there was no general residuum

clause provision in the will, but where the will specially provides to the contrary, or does so by necessary implication, or where there is a general residuum recited in the will, or where the estate is left undisposed of, the payment of debts, funeral expenses, etc., would be a charge upon the residuum, and the preferred legatees would have no right to call upon the second legatees to abate their legacies. Legacies may be exonerated from the payment of debts and expenses by a direction in the will changing this rule. Currie & Nailor v. Murphy, 35 Miss. 473. As we view it, there is no conflict in this case and the case of Fisk v. McNiel, supra.

In the case at bar, it is manifest from the will and all its terms that the testator intended that both real and personal property would be subject to the legacies given, but it is also manifest from the proof in the record that the personal property would be sufficient to pay the specific legacies, and the costs of administration, etc.

We are of the opinion that the chancellor did not err in his construction of the will, and it is manifest from the will that the appellee, Rita Brown Honor Friar, was intended to have one-half of the entire estate, undiminished by the payment of debts, costs of administration, etc., and also undiminished by the preferred legacies, but only to be taxed with the costs of administration, etc., in event there were insufficient assets to pay same out of the residuum of the estate and the deferred legacies.

The decree rendered did not dispose of all the questions involved, and it especially reserved the part of the case made by the bill, so, on a remand of the case the court may tax costs in accordance with the views herein expressed, and further deal with the case as may be meet and proper. The judgment will be affirmed and remanded.

Affirmed and remanded.