REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA
*v.* TRUST COMPANY OF GEORGIA, executor, *et al.*

256

No. 14169.   July 15, 1942.

*Ellis G. Arnall, attorney-general,* and *Emil J. Clower, assistant attorney-general,* for plaintiffs in error.

*Mitchell & Mitchell, Alston, Foster, Sibley & Miller,* and *William B. Spann Jr.,* contra.

REID, Chief Justice. ■ The main question presented is whether estate taxes paid by the Trust Company of Georgia, as executor of the estate of Mrs. Florence Haile Brownell, should be charged wholly against her individual estate and thereby to her ultimate beneficiary, Rhode Island Hospital Trust Company, as

trustee, or whether these taxes should be allocated, pro rata, between her personal estate and the Regents of the University System of Georgia, as beneficiary, by virtue of Mrs. Brownell's exercise of power of appointment under her husband's will. A former petition for construction and direction involving these same wills was reviewed by this court in *Regents of the University System of Georgia* v. *Trust Company of Georgia,* 186 *Ga.* 498 (198 S. E. 345) and in that case, by a majority opinion, this court held that the power of appointment conferred by the will of Francis E. Brownell upon his wife was validly exercised by her will devising the trust estate to the Regents of the University System of Georgia. A writ of error sued out by the Trust Company of Georgia, as executor, in the same case above cited, was, on motion, dismissed because the executor and trustee was not an aggrieved party having the right to file the bill of exceptions, and in the opinion, this court, in *Trust Company of Georgia* v. *Brown,* 186 *Ga.* 496 (197 S. E. 803) said: "It does not appear that the estate of Florence H. Brownell would be improved or added to in any way by a reversal of the judgment complained of in the bill of exceptions. The property in question was left by Florence H. Brownell under power, and under no circumstances can it be administered except as a part of the estate of Francis E. Brownell, and the executor can receive its commissions for handling that property only as executor under the will of Francis E. Brownell." The title of the trust estate to be vested in the Regents of the University System of Georgia, as ultimate beneficiary, is acquired not from Mrs. Florence Haile Brownell as grantor, although she is the decedent donee of the power under which it is received; but such title passes to the beneficiary by purchase from the original donor, Francis E. Brownell, deceased. *Jackson* v. *Franklin,* 179 *Ga.* 840, 846 (177 S. E. 731); *Newton* v. *Bullard,* 181 *Ga.* 448, 451 (182 S. E. 614). In the present case the estate taxes primarily were calculated against, and paid by, the estate of Mrs. Brownell, not only as to her individual estate but also upon the property involved in the testamentary power of appointment from her husband. The executor contends this was compelled by the Federal statute (Internal Revenue Code, title 26, U. S. C. A. §§ 811, 811(f)), which provides: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal,

tangible or intangible, wherever situated, except real property situated outside of the United States. . . (f) Property passing under general power of appointment. To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will. . ." The United States Board of Tax Appeals, passing upon a somewhat similar question of how the Federal estate-tax statutes should be applied, in the matter of Camden Safe Deposit and Trust Company *v.* Commissioner of Internal Revenue, 30 B. T. A. 287(I), held: "Property over which a decedent had a general power of appointment is not relieved from the Federal estate tax (sec. 302(f) revenue act of 1926), either because it is not part of the decedent's estate under local law and the appointee takes from the donor, or because the donee exercised the power in favor of one who would have taken the property under the donor's will if the power had not been exercised." In this State estate tax assessable and collectible by the State is 80 per centum of the amount found to be due for Federal estate taxes. Code, § 92-3401. "When the amount of the taxes to be paid by any estate has been determined, as provided for in section 92-3401, the State Revenue Commission shall certify the same to the ordinary of the county where said estate is being administered, who shall enter the same upon the minutes of his court and notify the executor or administrator of the amount found to be due, *which shall be a charge against the estate and not against the several distributive shares."* (Italics supplied.) § 92-3402. The Regents of the University System of Georgia contend that the foregoing statute is controlling upon the question, and prevents a charge against its distributive share or legacy for estate taxes. On the other hand the Rhode Island Hospital Trust Company, as trustee, contends that the Georgia statute (§ 92-3402) is inapplicable in the manner contended for by the plaintiff in error under the circumstances pertaining in the instant case, since under the general rule property appointed by will of donee passes under the instrument creating the power, and not under donee's will. In Re Rogers Will, 249 App. Div. 238 (291 N. Y. Supp. 815), the New York court had under consideration a question made by a petition for direction by the executors of the will of Henry H. Rogers Jr. relating to the payment of State and Federal taxes under his will, particularly in respect to the funds over which the

testator exercised the power of appointment. The question, as stated by the court in that case, was: "Did these funds over which the power of appointment was exercised pass under the will of Colonel Rogers [Henry H. Rogers Jr.] or under that of his father?" Article seventeen of the will of the donee of the power in the Rogers case was: "I direct that all inheritance, transfer, legacy, succession or similar duties or taxes which shall become payable in respect to any property or interest passing under this my last will and testament or any codicil hereto I may make hereafter, shall be paid out of my residuary estate." In its opinion the New York court said: "A will may contain provisions expressly making the appointed property taxable as a part of the estate, treating it as the individual property of the testator [citing cases]. But as to the passing of the property under the power of appointment, the general rule in this State, long existing and un questioned, is that property appointed by the will of a donee of the power of appointment passes under the instrument creating the power and not under the will of the donee; the appointees taking their interests under and by virtue of the instrument which raised the power as if their names were in the grant of the power. This doctrine is but a recognition of the separate entity of the appointed estate [citing]. This rule is not affected by tax statutes designed to make an appointed estate subject to the tax by creating artificial estates for such purpose without defining property rights [citing]. We think it is reasonably clear, both from the circumstances shown and the rule of law applicable, that the estates were separable and that article seventeenth was intended to apply only to the property that passed under the will of Colonel Rogers. There is absence of intent to include the payment of taxes to be assessed against the funds of the father's estate, over which this testator had only power of appointment. The appointees took their interests under and by virtue of the father's will, as if they were named therein. Therefore there should be apportionment of taxes between the two estates."

In Fidelity Union Trust Co. v. Suydam, 125 N. J. Eq. 458 (6 Atl. 392), the New Jersey court had also a question relating to estate taxes. In that case Lucretia B. Ward had left to her certain property for her lifetime by the will of Joseph A. Ward, who gave to her general power of appointment. Mrs. Ward died, leav-

ing a will by which she disposed of her own estate, and in which she also exercised the power of appointment. The New Jersey court said: "The principal question debated is whether the estate tax should be wholly borne by Mrs. Ward's estate, or should it be shifted in part to the estate of her husband over which she had the power of appointment. . . Her will contains a direction for payment of taxes: 'I direct my executor and trustee to pay from the residue of my estate all inheritance or estate taxes, both State and Federal, levied or assessed against gifts herein made; and should any such tax be not then due, I authorize my said executor and trustee, if it see fit so to do, to compromise with the proper officer of the State or United States Government such future tax, and to pay the amount so fixed and determined.'" In the opinion it was held: "In Gaede v. Carroll, 114 N. J. Eq. 524, 532 (169 Atl. 172), our court of last resort held that the widow must reimburse the executor for a proportionate part of the tax where the gross estate on which the tax was computed included property held by her and the testator as tenants by the entirety. The will contained a direction to pay taxes somewhat similar to the one in Mrs. Ward's will. The headnote indicates the court adopted the statutory New York rule (in re Rogers Estate, 159 Misc. 86, 287 N. Y. S. 426; Id. 249 App. Div. 238, 291 N. Y. S. 815) and went on the theory that the tax was apportionable in the absence of specific direction in the will to the contrary. . . The tax should be borne by the two estates in proportion to the net assets of each for tax purposes. The tax will be considered in respect to each estate as if it were an administrative expense; that is, it will diminish the estate before distribution regardless of whether or not the distributees are charities. Young Men's Christian Ass'n v. Davis, 264 U. S. 47, 44 Sup. Ct. 291, 68 L. ed. 558)." See Morristown Trust Co. v. Childs, 128 N. J. Eq. 524 (17 Atl. 2d, 559).

While in the Rogers will case and the Suydam case, supra, the decisions turned upon construction of wills of donees of powers of appointment, holding that such donee did not intend to direct payment of the tax out of the donee's own estate upon the property exercised by power of appointment, the result of the decisions cast upon property coming from the donor of the power its proportionate share of taxes. Only indirectly then are those cases applicable in principle to the one now under consideration. But such appli-

cation is not negatived by the New York or New Jersey statutes existing at the time of the decisions mentioned, or by other arguments advanced in the briefs. See 28 Am. Jur. 136, § 279; 115 A. L. R. 916. In the present case neither the will of Francis E. Brownell nor that of Florence Haile Brownell gives any direction as to how the estate taxes should be borne. Thus, in deciding the question, we have to look to such law as may be applicable. The statute (Code, § 92-3402) can not reasonably be construed to make the personal estate of the donee of a power of appointment ultimately and finally liable for estate taxes upon property passing under power exercised by such donee. Even though such donee's personal estate may be primarily liable for estate taxes including that of property passing under the instrument creating a power of appointment (Internal Revenue Code, § 811(f); Camden Safe Deposit &c. Co. v. Commissioner of Internal Revenue, supra) we think such rule for tax purposes in favor of the government itself, without defining property rights, does not destroy the separate entity of the appointed estate in the circumstances of the present case, or prevent apportionment between the two estates in the proper ratio after the taxes have been paid by the donee's estate. To hold otherwise might lead to the inequitable and unjust consequence of swallowing up or dissipating the personal estate of a donee of a power of appointment, to satisfy taxes upon property passing from another than such donee. If a donee of a power of appointment under a will knew that in exercising such power he would be compelled to absorb out of his own personal estate taxes upon the appointed property, it likely would be deterrent to the exercise of the power by the donee. We do not think the law compels such absorption of the tax finally by the donee of the power of appointment. Accordingly, we hold the judge did not err in overruling the demurrers of the Regents of the University System of Georgia to the petition, and in directing the apportionment of the tax.

■ Obviously, from the above, the matter of determining how the estate taxes should be borne or charged was a proper subject for the executor to seek direction from the court by petition.

*Judgment affirmed. All the Justices concur.*