GAINES *et al. v.* KLEIN.

(In Banc.   March 22, 1948.)

[34 So. (2d) 489.   No. 36731.]

**S. M. Graham** and **A. B. Amis, Sr.**, both of Meridian, for appellants.

**Gilbert & Cameron**, of Meridian, for appellee.

Argued orally by **S. M. Graham**, for appellants, and by **C. B. Cameron**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Mrs. Elizabeth McMillan departed this life May 28, 1946. She left a last will and testament, which has been duly admitted to probate. By it, through special devises, she gave to each of the appellants, Albert Gaines, Octavia Howard, and Mrs. Effie Farmer, a house and lot in the City of Meridian, Mississippi, and the remainder of her property, real and personal, by a general residuary clause, she gave to Lillian Klein and Louis Klein. This Court so construed the will in an opinion this day handed down in the case of Klein v. Gaines et al. (Miss.), 34 So. (2d) 488. The Temporary Administrator, appellee here, collected the rents accruing on said three houses in the year 1946 after the death of Mrs. McMillan. Appellants, as special devisees of said three houses, filed a petition in this cause, seeking to require the Temporary Administrator to pay such rents to them without application of any part thereof to payment of debts of the testatrix or to the expense of administering the estate. The answer of the Administrator submitted to the chancellor two questions: First, whether, under the facts hereinafter stated, any part of such rents could be used to pay such debts and expenses, and, second, if so, whether the balance thereof should be paid by him to the three special devisees or to the beneficiaries under the residuary clause. The chancellor held that said rents were liable

for payment of debts and expenses and that the remainder not so used should be paid to the residuary legatees. From that decree this appeal is taken by the specific devisees.

The time for probating claims has expired. The claims probated aggregate $1,664.12. The personal property bequeathed the residuary legatees includes $4,877.86 cash and $3,000 stock in a corporation—much more than sufficient to pay the debts and expenses of administration. The rents are not needed for that purpose. Appellants received nothing under the will other that said three lots and houses and the rents therefrom.

The will did not specify out of what property the debts and expenses should be paid. Under these circumstances could said rents be used for that purpose? It is a general rule that property constituting the residuum of testator's estate and disposed of by the residuary clause is to be applied in the payment of debts and expenses before resorting to the specific bequests, and especially is that true as to specific devises of land, unless testator has provided otherwise in the will. 69 C. J., Wills, Sections 2571 to and including Section 2573; Gordon v. James, 86 Miss. 719, 39 So. 18, 1 L. R. A. (N. S.) 461; Anderson v. Gift, 156 Miss. 736, 126 So. 656. But appellee says Sections 539 and 902, Miss. Code 1942, change that rule and make these rents equally liable with the residuary personalty for such debts and expenses. Section 539 provides that the rents from lands accruing during the year of the death of the owner, whether he dies testate or intestate, "shall be assets, and shall stand chargeable with all the just debts and funeral expenses of the deceased, and the expenses of settling the estate." Section 902 merely confers upon the personal representative of the decedent the right and power to collect such rents. Those sections simply make such rents liable for the debts and expenses of administration if needed for that purpose. They do not impose for that purpose equal liability upon specific bequests and devises

and the residuum of the estate. Anderson v. Gift, supra. The term "assets," as applied to decedent's estate and as used in Section 539, means property which is available, if necessary, for the payment of debts and expenses. Agee v. Saunders, 127 Tenn. 680, 157 S. W. 64, 46 L. R. A. (N. S.) 788. There being in this case ample cash money going to the residuary legatee to more than pay all debts and expenses, resort could not be had to the foregoing rents for that purpose.

The second question is who is entitled to these rents as between the specific devisees of these three lots and the residuary legatee. In the absence of directions to the contrary in the will, the beneficiaries have the same interest in the income, rents, and profits of the property given them as they have in the property itself. 69 C. J., Wills, Section 2464; Gordon v. James, supra; Bloodworth v. Stevens, Adm'x, 51 Miss. 475. Although Section 902 vested power in the temporary administratix to collect the rents, they are the property of the respective devisees of the real property upon which the rents accrued.

Reversed and remanded.