ESTATE OF ROSALIE CAHN MORRISON, DECEASED, E. A. MORRISON, E. E. MORRISON AND E. H. MORRISON, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50219. Filed August 31, 1955.

*Thomas R. Ward, C. P. A.,* and *Brad B. Bailey, Esq.,* for the petitioner.
*George W. Calvert, Esq.,* for the respondent.

OPINION.

Johnson, *Judge:* In determining the value of the net estate subject to the payment of a Federal estate tax, among other deductions al-

lowed is the "marital deduction" which is "an amount equal to the value of any interest in property which passes or has passed from the decedent to the surviving spouse." Sec. 812 (e) (1) (A), I. R. C. 1939. In arriving at such "value" section 812 (e) (1) (E) (i) provides there shall be taken into account the effect which any estate tax "has upon the net value to the surviving spouse."

The question here presented is whether, in computing the marital deduction in decedent's estate, the value of the stock in the drug company, which was specifically bequeathed to decedent's husband, should, as respondent contends, be reduced by a proportionate or "pro rata" part of the Federal and State estate taxes paid by the executors from the residuum of the estate. Concretely stated, was the entire amount of the estate taxes legally payable out of the residuary estate, as petitioner contends, or was a pro rata part of same chargeable to property specifically bequeathed to decedent's husband?

The parties agree that the law of the State of Mississippi is determinative of the question here, and both cite *Riggs* v. *Del Drago*, 317 U. S. 95. That case involved the validity of a New York statute which provided that except as otherwise directed by decedent's will, the burden of any Federal death taxes paid by the executor or administrator shall be spread proportionately among the distributees or beneficiaries of the estate. The United States Supreme Court, in sustaining the validity of the statute, held "that the law of the jurisdiction under which the estate is administered" was controlling and in so doing said:

We are of opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax ; * * *
Its legislative history indicates clearly that Congress did not contemplate that the Government would be interested in the distribution of the estate after the tax was paid, and that Congress intended that state law should determine the ultimate thrust of the tax. * * *

See also *Rogan* v. *Taylor*, 136 F. 2d 598.

Some other States have statutes similar to New York providing for apportionment of estate taxes where no testamentary directions are given, but apparently a majority do not. There is no such apportionment statute in the State of Mississippi, and the statutory law of that State is wholly silent upon this subject.

The general rule in both State and Federal courts is that when neither the will nor the law of the State provides otherwise, the burden of both Federal and State estate taxes "rests like other administrative expenses on the general estate and is not apportioned among the legatees." *Rogan* v. *Taylor*, (C. A. 9) *supra; Y. M. C. A.* v. *Davis*, 264 U. S. 47. See also *Amoskeag Trust Co.* v. *Trustees of*

*Dartmouth College*, 200 Atl. 786 (N. H.), wherein numerous decisions of both Federal and State courts are reviewed and holding, under the circumstances above recited, that Federal estate taxes should "be paid entirely out of residue and not apportioned pro rata among all the beneficiaries."

There is nothing in the Code of Mississippi which directs or even tends to direct that estate taxes, either State or Federal, shall be prorated among all the beneficiaries in the will. We have examined and considered sections 9280, 9284, 9289, and 9283 of the Mississippi Code cited by respondent and none of them is pertinent to the issue here and do not support his contention. They are designed to insure the collection of the tax, but do not touch or affect the question here of whether the residuary estate is primarily liable for the payment of the tax and when sufficient in amount must bear alone the full impact of the tax. The sections cited are similar and were evidently copied in part from the Federal estate tax law. See secs. 826 (b) and 827 (a), I. R. C. 1939. These provisions of the Federal Code have never been interpreted as influencing the devolution of the property of an estate or having any bearing upon the issue here.

In the written stipulations of fact filed herein, the tax paid the State of Mississippi by petitioner is designated "estate tax." Respondent, in his brief, persists in calling it an "inheritance tax." The law in question is contained in chapter 2 of the Mississippi Code for 1942, and it does use almost interchangeably the terms estate tax and inheritance tax, but we have carefully considered the entire act and we think there can be no question but that it is an estate tax patterned after the Federal estate tax and the stipulation correctly designated it as such. That it was intended as a counterpart of the Federal estate tax is evidenced by section 9270 of the Mississippi Code, which provides that the statute shall remain in force "so long as the Government of the United States retains in full force and effect as a part of the revenue law of the United States a Federal estate tax, and this statute shall be repealed as and when the Government of the United States ceases to impose an estate tax of the United States."

On the issue here the payment of the Federal estate tax and the State estate tax are both entitled to the same treatment.

Petitioner on brief says that since the statutory law of Mississippi does not provide for the apportionment of estate taxes or direct what fund of an estate shall bear the debts, administrative expenses and other liabilities of the estate, it is necessary to consider the law of Mississippi as interpreted by its court decisions to determine whether the action of the executors in paying the estate taxes from the residue of the estate was correct. In support of his contention that such action here was in accord with the law of Mississippi, he cites several

decisions by the supreme court of that State which sustain his contention, among them *Currie & Naylor* v. *Murphy*, 35 Miss. 473 (1853), in which the court said:

As the will contains no direction that any particular part of the estate shall be applied to the payment of the funeral charges, and the costs and expenses of administration, it does not admit of doubt that they are to be defrayed from the residuum, and unless it should prove insufficient, that none of the particular general legacies are obliged to abate.

*Anderson* v. *Gift et al.*, 126 So. 656 (1930), wherein the court said:

The residue of an estate may be defined as that which remains after discharging all legal and testamentary claims on the estate or is that which is left after the payment of charges, debts and particular legacies.

*Benton* v. *Friar*, 157 So. 356 (1934), wherein the court said:

Where there is a general residuum recited in the will, or where the estate is left undisposed of, the payment of debts, funeral expenses, etc., would be a charge upon the residuum.

*Gaines et al.* v. *Klein*, 34 So. 2d 489 (1948), wherein the court said:

It is a general rule that property constituting the residuum of testator's estate and disposed of by the residuary clause is to be applied in the payment of debts and expenses before resorting to the specific bequests, * * *.

Respondent says that because in none of these cases the payment of estate taxes was involved, they are of no value. We do not agree. No Mississippi case holding a contrary view where estate taxes are involved has been cited. We think the foregoing cases and others cited in petitioner's brief show a consistent record of over a hundred years by the Supreme Court of Mississippi as favoring the doctrine that the residuary estate is that which remains after the payment of all debts and charges upon the estate. Such holding in principle is wholly inconsistent with respondent's contention here that estate taxes are chargeable in part only against the residuary estate.

This concept of the Mississippi Supreme Court as to what constitutes the residuary estate and what rights its beneficiaries have thereunder is in accord with the weight of authority of both State and Federal courts.

In *Plunkett* v. *Old Colony Trust Co.*, 124 N. E. 265 (Mass.), it was said:

The benefaction conferred by the residuary clause of a will is only of that which remains after all paramount claims upon the estate of the testator are satisfied. * * *

There, the sole question presented was whether the Federal estate tax which had been paid by the executors should be charged entirely against the residue of the estate or apportioned pro rata among all the devisees and legatees. The court held, in the absence of any provision in the will to the contrary, that the estate tax in its entirety was

chargeable against the residuary estate and was not apportionable among the other beneficiaries.

In *Hepburn* v. *Winthrop*, (C. A., D. C.) 83 F. 2d 566, also involving the payment of Federal estate taxes, the court cited with approval the *Plunkett* case, *supra*, and reached the same conclusion and held that payment of a Federal estate tax in the absence of a local statute upon the subject is "like the payment of a debt or an expense of administration" and is "payable out of the personal residuary estate."

Other cases to the same effect, from both State and Federal courts, could be cited, but we think the opinion by Chief Justice Taft in *Y. M. C. A.* v. *Davis*, *supra*, is decisive of the question. The issue and the pertinent facts there and here are the same. Both wills first directed that "all just debts and funeral expenses" be paid, but contained no provision as to payment of taxes. Both made specific bequests of property to individuals and both contained a residuary clause in the usual form, leaving the "residue" to beneficiaries there named, the residuary legatees in each being different from those named in the specific bequests.

In the *Y. M. C. A.* case, *supra*, the executors of decedent's estate paid the Federal estate tax and then brought an action in a local Ohio court "asking direction of the court as to whether the tax should be deducted from the amounts which were about to be distributed to the specific legatees and devisees or from the residuary estate." Three Ohio courts, including the Supreme Court of that State "all held that the tax must be paid out of the residuary estate."

Upon appeal by the residuary legatees, the United States Supreme Court affirmed the judgment in a well-considered opinion. Chief Justice Taft, in discussing the nature of the estate tax, said:

It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties, as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death. * * *

After discussion of various points raised by the parties, the Supreme Court's opinion was based on its holding that unless the will provided otherwise, the residuary legatees were only entitled to receive what was left after payment of the estate tax and other charges against the estate. After reciting that the will contained "no specific direction for payment of the tax" and that the testatrix had the "power" so to do, the Court declared:

It must be presumed, when she failed to exercise the power, that she intended the incidence of the tax to be where otherwise by law it must be, and therefore that it was her purpose that her residuary legatees were to receive all that was left after paying all charges, including this tax, out of her estate. * * *

Respondent, in support of his contention, cites six cases from the appellate courts of six different States which we have considered,

but they are not controlling here for various reasons. In some of them the facts and the issues there decided differ from the instant case. In one of them, *Pearcy* v. *Citizens Bank & Trust Co.*, 96 N. E. 2d 918 (Ind.), there was no will, hence decedent gave no direction for the payment. Petitioner here does not contend that property passing under the laws of intestacy should not bear a part of the estate tax. Another, *Wilmington Trust Co.* v. *Copeland*, 94 A. 2d 703 (Del.), involved the construction of an apportionment statute of Delaware and is not pertinent, since Mississippi had no such statute. In another, *Regents of University System* v. *Trust Company of Georgia*, 21 S. E. 2d 691 (Ga.), testatrix disposed not only of her individual estate, but also, exercising a power of appointment conferred by her husband's will over a trust estate, disposed of that also. The court held that under the general principles of equity the property passing under the power of appointment should also bear a part of the estate tax. Another, *Trimble* v. *Hatcher's Ex'rs*, 173 S. W. 2d 985 (Ky.), involved construction of will directing payment of taxes and also apportionment of the estate tax against gifts made in contemplation of death and includible in the taxable estate although not devised. The last two, *Succession of Ratcliff*, 33 So. 2d 114 (La.), and *In re Gallagher's Will*, 255 P. 2d 317 (N. M.), concerned apportionment of estate tax to community property held by wife at her husband's death.

We have recited the foregoing from the cases cited by respondent to show that the issue and facts therein do not squarely present the issue as in the instant case, and to that extent are distinguishable. Some of the cases cited do sustain, or tend to sustain, respondent's contention that the Federal estate tax should be apportioned among all beneficiaries of the will, on the ground that the Federal estate tax law does not prevent State courts in the exercise of their jurisdiction over administration and settlement of estates from applying equitable rules by which equitable apportionment of estate tax is accomplished. This holding is not controlling here since the cited cases on their face restrict such holding to the particular State over which the court has jurisdiction, and, as we have already pointed out, the State of Mississippi has not, by statute or court decision, adopted the so-called equitable apportionment rule. Such rule, unless authorized by the State statute, appears to be in conflict with the weight of authority as construed by a majority of both State and Federal courts. While in the *Gallagher's Will* case, *supra*, the Supreme Court of New Mexico follows this rule, it refers to it, at page 326, as "the so-called minority rule."

We hold, under the law and the facts here, that payment of the entire Federal estate tax and the estate tax of Mississippi out of the residuary

estate was proper, and that no part of same was chargeable to property specifically bequeathed to decedent's husband, and accordingly we sustain petitioner's contention on the issue here involved.

*Decision will be entered under Rule 50.*