ESTATE OF CHARLES JUSTER, DECEASED, LEON JUSTER, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49398.    Filed December 30, 1955.

*Robert H. Preiskel, Esq.*, for the petitioner.
*James J. Quinn, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* There is no question, nor does the respondent dispute, that the residuary trust to decedent's wife qualifies for the marital deduction under section 812 (e) (1) (A) of the Internal Revenue Code of 1939.[1]   The question presented is whether the value

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

 \*  \*  \*  \*  \*  \*  \*

 (e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

  (1) ALLOWANCE OF MARITAL DEDUCTION.—

   (A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

of the residuary trust to decedent's wife, and therefore the value of the marital deduction, under sections 812 (e) (1) (A) and 812 (e) (1) (E) (i),[2] is to be computed without reduction for any part of the Federal estate tax chargeable to the Estate of Charles Juster. The parties are in agreement that the law of the State of New York is determinative of this question. See *Estate of Rosalie Cahn Morrison*, 24 T. C. 965; *Riggs* v. *Del Drago*, 317 U. S. 95; *Rogan* v. *Taylor*, 136 F. 2d 958.

Petitioner argues that the value of the residuary trust to the surviving spouse is to be determined without taking into account the Federal estate tax chargeable to the estate. Specifically petitioner contends that paragraph Twenty-first of decedent's will contains an ineffective direction against apportionment of tax under section 124 of the Decedent Estate Law (1949) of New York[3] in that it is ambiguous and self-contradictory. In such case, petitioner concludes, the residuary trust in question, being entitled to an exemption under the taxing statute, passes free of all taxes. Respondent argues that this paragraph clearly evidences the decedent's intention that the named taxes be paid out of the corpus or body of his estate prior to the distribution of the estate. Both parties have directed their particular

---

[2] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

\* \* \* \* \* \* \*

(E) Valuation of interest passing to surviving spouse.—In determining for the purposes of subparagraph (A) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this subsection—

(i) there shall be taken into account the effect which a tax imposed by this chapter, or any estate, succession, legacy, or inheritance tax, has upon the net value to the surviving spouse of such interest; and

[3] Sec. 124. Appointment of federal and state estate taxes; executor or administrator to deduct taxes from distributive shares.

1. Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, temporary administrator, trustee or other person acting in a fiduciary capacity, has paid a death tax levied or assessed under the provisions of article ten-c of the tax law, or under the provisions of the United States revenue act of nineteen hundred twenty-six, as amended by the United States revenue act of nineteen hundred twenty-eight, or under any death tax law of the United States hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, and except in a case where by written instrument executed inter vivos direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such inter vivos instrument, shall be equitably pro-rated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues. Such proration shall be made by the surrogate in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate, except that in making such proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate; \* \* \*

attention to the words "principal of my estate" as used in paragraph Twenty-first.

Section 124 of the New York Decedent Estate Law (1949) commands proration of taxes "except in a case where a testator otherwise directs in his will." The direction by the testator against the apportionment provided by this section must be clear and unambiguous. *In re Mills' Estate*, 64 N. Y. S. 2d 105, affd. 70 N. Y. S. 2d 746, affd. 297 N. Y. 1012, 80 N. E. 2d 535. In our view paragraph Twenty-first of the decedent's will contains such a direction. Language similar to that used in this paragraph, including the phrase "principal of my estate," was held in *In re Liebovitz's Estate*, 94 N. Y. S. 2d 30, to be a clear direction against apportionment, with respect to benefits passing under the will involved. *In re Pepper's Estate*, 307 N. Y. 242, 120 N. E. 2d 807, cited by petitioner, is distinguishable. There the court found the language of the will involved contained inconsistent directions and therefore did not contain a clear and unambiguous direction against the statutory apportionment.

As an alternative petitioner argues that even if paragraph Twenty-first is construed as an effective direction with respect to apportionment under the New York statute, it is to be construed as providing that only specific and general bequests are to pass free of tax and that all taxes are to be paid out of the residue. Thus construed its only effect would be to charge the wife's share with 50 per cent of the taxes attributable to nonresiduary bequests; all taxes attributable to the residue would be chargeable to the nonmarital share of the residue and the net value of the marital share and therefore the marital deduction would be one-half of the residuary estate computed prior to any reduction for tax less 50 per cent of the taxes attributable to the specific and general bequest. In support of this contention petitioner cites *In re Bayne's Will*, 102 N. Y. S. 2d 525; *In re Pratt's Estate*, 123 N. Y. S. 2d 425; *In re Campe's Estate*, 129 N. Y. S. 2d 362, 130 N. Y. S. 2d 458; *In re Matte's Estate*, 130 N. Y. S. 2d 270, affd. 137 N. Y. S. 2d 836; *In re Hoffman's Estate*, 138 N. Y. S. 2d 492. In each of those cases the court found that the testator therein had directed that all taxes be paid from the *residue* of the estate. No such construction can be placed on the paragraph here involved.

Decedent has directed his executors to pay all named taxes out of the "principal" of his estate and that all legacies, bequests, and devises go free and clear of those taxes. "Principal" is defined by Webster's New International Dictionary of the English Language, 2d ed., 2. b, as follows: "Of an estate * * * of a decedent, in general the corpus, or main body of the estate * * *." Black's Law Dictionary, 4th ed., defines it as "The corpus or capital of an estate in contradistinction to the income * * * " We conclude, therefore, that

the decedent intended that all named taxes be paid from the main body of his estate before distribution to any of the beneficiaries.

None of the other provisions of the will indicate in any way that the decedent intended an interpretation contrary to the ordinary and natural meaning of the words of paragraph Twenty-first. Paragraphs First and Second provide for the payment of debts and funeral and administrative expenses out of the corpus of the estate, and a fund for a tombstone. Paragraphs Third through Twelfth contain specific and general bequests. Paragraph Thirteenth provides for a division of the residue, one-half to be held in trust for decedent's wife and one-half to be divided among his children. Paragraphs Fourteenth through Twenty-sixth contain the appointments of executors and trustees and provide for the powers to be conferred upon them in the administration of the estate and the trusts.

Acceptance of petitioner's argument would in effect give decedent's wife something more than he directed. As pointed out in *Rogan* v. *Taylor, supra*, it would present the analogous result of allowing deduction from gross estate as a marital deduction, of a sum which in effect goes not to decedent's wife, but to the collector of internal revenue. Decedent directed that she receive one-half of the residue. The residue of an estate is that which is left after the payment of debts and other charges, including taxes, against the estate and of specific and general bequests. *Whetmore* v. *St. Luke's Hospital*, 9 N. Y. S. 753; *In re Hamlin*, 172 N. Y. S. 787, affd. 226 N. Y. 407, 124 N. E. 4, certiorari denied 250 U. S. 672; *In re Paine's Estate*, 41 N. Y. S. 2d 408; cf. *Estate of Rosalie Cahn Morrison, supra*. We recognize that payment of taxes from the estate before distribution is in effect a diminution of the residue; however, it was decedent's direction that his wife share only in the residue and we are unable to find that "residue" as used in the will has a meaning other than that indicated above. Therefore we decide this issue for respondent and further find that there is no overpayment of estate tax as claimed by petitioner.

For the reasons previously stated,

*Decision will be entered under Rule 50.*