ESTATE OF ROSE GERBER JAEGER, CARL F. GRAF, ADMINISTRATOR W. W. A., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59064. Filed February 27, 1957.

*Eugene W. Butler, Esq.*, and *Paul Thomas Key, Esq.*, for the petitioner.
*John J. Larkin, Esq.*, for the respondent.

### OPINION.

TIETJENS, *Judge:* The Commissioner determined a deficiency in estate tax in the amount of $4,862.98.

The only question for decision is whether the Commissioner properly determined the amount of the marital deduction under section 812 (e) (1) (E), Internal Revenue Code of 1939, by reducing the claimed deduction by the surviving spouse's pro rata share of the Federal estate tax.

All of the facts have been stipulated and the stipulation is hereby adopted as our findings of fact. The pertinent facts are as follows:

On April 4, 1951, Rose Gerber Jaeger died testate survived by her husband and son.

The husband renounced the will and elected to take pursuant to the Ohio Statute of Descent and Distribution. He thereby took one-half of the deceased's probate estate.

In the Federal estate tax return filed by petitioner on May 28, 1952, a marital deduction was claimed based upon the surviving spouse's statutory share of the property of Rose Gerber Jaeger undiminished by any portion of the Federal estate taxes.

In his statutory notice of deficiency issued on May 13, 1955, the Commissioner determined that the marital deduction claimed by petitioner should be reduced by the surviving spouse's pro rata share of the Federal estate taxes.

Petitioner contends that we are not required to follow the decisions of State courts in the construction and application of acts of Congress and that in dealing with the question before us, decisions of the Ohio courts are not controlling. Nevertheless, as we see it, there are certain areas in the application of the tax laws where the decisions of State courts are controlling, dependent of course on the intent of Congress. *Gallagher* v. *Smith*, 223 F. 2d 218 (C. A. 3, 1955). The question before us falls within the area where State court decisions determine the matter. Section 812 (e) (1) (E) (i), Internal Revenue Code of 1939, provides that in determining the value of any interest in property passing to a surviving spouse *"there shall be taken into account the effect which a tax imposed by this chapter* [Federal estate tax] * * * *has upon the net value to the surviving spouse of such interest; * * *."* (Emphasis supplied.) In determining the value of the interest of the surviving spouse it appears to be generally recognized that State law governs as to the effect of the estate tax. *Estate of Rosalie Cahn Morrison*, 24 T. C. 965; *Estate of Charles Juster*, 25 T. C. 669; *Pitts* v. *Hamrick*, 228 F. 2d 486 (C. A. 4, 1955); *Merchants National Bank* v. *United States*, A. F. T. R., 57–1 U. S. T. C. par. 11, 657 (S. D., Ind.). See also *Weyenberg* v. *United States*, 135 F. Supp. 299 (E. D., Wis.).

Accordingly, if we turn to the Ohio decisions bearing on this point we find that in Ohio the Probate Court has exclusive jurisdiction of the property of an estate. See *Goodwin's Estate* v. *Commissioner*, 201 F. 2d 576 (C. A. 6, 1953). In the record before us there is nothing

to show that the appropriate Probate Court has ever made any determination of the share of the deceased's property passing to the surviving spouse as was done in *Pitts* v. *Hamrick, supra,* and *Weyenberg* v. *United States, supra,* and which in those cases was held binding on the Federal courts. In the absence of such a determination we rely on the latest decision of the Ohio Supreme Court on the question, *Campbell* v. *Lloyd,* 162 Ohio St. 203, 122 N. E. 695 (1954). The syllabus in that case, which is the law in Ohio, is as follows:

> Where widow with one child elected to take under statute of descent and distribution, amount of Federal estate tax on testator's estate should be deducted therefrom before computing widow's one-half interest in testator's net estate, as against contention that so called marital deduction for estate taxes given by Internal Revenue Code should first be made so that widow would receive full benefit thereof.

Petitioner contends however that *Campbell* v. *Lloyd* was wrongly decided since it overruled *Miller* v. *Hammond,* 156 Ohio St. 475, 104 N. E. 2d 9, where, in 1952, the Ohio Supreme Court had taken a contrary view. We feel bound to accept as settled law in Ohio the latest decision of the Ohio Supreme Court and the *Campbell* v. *Lloyd* case governs us here.

Petitioner also contends that "the intent of Congress was to free up to one-half of the decedent's estate from the federal estate tax in order to bring about national uniformity between the residents of common-law and community-property states" and that the above result is contrary to this intent.

Specifically from the quoted statutory language, and reading together with it the statute as a whole, we do not believe Congress intended to, or did, achieve absolute uniformity between residents living in common-law States and those living in community-property States. It seems obvious that a surviving spouse cannot under the statute obtain the benefit of the maximum marital deduction in all cases. As one text, Montgomery, Federal Taxes, Estates, Trusts and Gifts, 1951–52, p. 792, points out:

> Since estate and other death taxes are not deductible in determining the adjusted gross estate but are deducted in determining the amount passing to the spouse, a husband passing exactly one-half of his adjusted gross estate to his wife would not obtain the maximum marital deduction unless all of the estate and other death taxes were payable from the one-half not passing to the wife; otherwise, the one-half passing to the wife less the taxes payable therefrom would equal less than one-half of the adjusted gross estate which is computed before the deduction of such taxes. Thus, in order to obtain the maximum marital deduction the amount passing to the wife should be 50 per cent of the adjusted gross estate plus the amount of such items, if any, which would otherwise reduce the amount allowable as a marital deduction.

As indicated above, in valuing the share of the surviving spouse, State law governs. Under the most recent decision of the Ohio Su-

preme Court, *Campbell* v. *Lloyd*, *supra*, Federal estate taxes are deductible in computing such share. That case governs the situation here and the Commissioner's action, which follows it, is sustained.

Reviewed by the Court.

*Decision will be entered for the respondent.*