ETHRIDGE, Chief Justice:
This case involves a testamentary trust of a stated sum of money for each of two minors, to be “put in a fund so that they will not start drawing their money until they start college.” The Chancery Court of Winston County held that this created *854 an estate in the funds, vested in interest in the two minors, but not vested in possession; that the executor should serve as testamentary trustee, and the trust estate, not that of testator, should receive the interest on the fund. We affirm.
Dr. Walter B. Hickman died in 1962, leaving a holographic will. It named his son and only heir at law, Dr. Bernard T. Hickman, as executor. The minor petitioners, Dwight O. Hickman, Jr., and Bernadette Hickman, are the nephew and niece of the testator. They reside with their father and mother, and at the time of testator’s death were ten and nine years of age, respectively.
Testator’s will provided:
I would like for Dwight O. Jr. (Happy) and Bernardette (sic), my nephew and niece to have $10,000.00 each put in a fund so they will not start drawing their money until they start college. * * * I want to appoint my son as sole executor and he may get an attorney or Troy Sloan to help him.
Dr. Bernard T. Hickman was appointed executor of the estate. After probate of the will Dr. Hickman deposited with a savings and loan association $20,000 from the estate assets, the deposits consisting of two separate savings accounts of $10,000 each. The association was instructed to pay the interest earned by said funds to the testator’s estate. The minor beneficiaries filed a petition for construction of the will, alleging that the bequests became vested in them upon testator’s death; that they were entitled also to receive the interest which accrued between the date of testator’s death and the date of distribution; and that their father should qualify as legal guardian to administer the trust, including the interim interest. The executor’s response asserted that the bequests were contingent upon the children entering college, which event might not happen, and i'f not, the bequest would lapse in its entirety and become a part of the residuum of testator’s estate.
The chancery court held that the trust funds became vested in the two beneficiaries at the time of testator’s death, and that no condition could be implied that the beneficiaries must survive until the date of distribution in order to take vested interests. It further held that the contingency concerning the beneficiaries entering college related merely to the time of payment, rather than to the right to payment. Inasmuch as the will designated no trustee, the court appointed the executor as trustee and directed that all interest accruing from the funds should be added to the principal for the use of the beneficiaries.
The minors did not cross appeal from the trial court’s appointment of the estate’s executor as trustee of their trusts. Since that issue was disposed of, without appeal, appellant in effect waives his first assignment of error concerning the exclusion of extrinsic testimony by the executor as to testator’s intent for administration of the estate.
 The terms of the bequests negative the existence of any condition precedent or subsequent. The testator left to his nephew and niece $10,000 each. Those two sums were to be put in a fund, impliedly administered by a trustee. The beneficiaries would “not start drawing their money” until they began college. ' The money is identified as “their money.” There are no restricting or limiting words upon the gifts themselves. Accordingly we conclude that the gifts were vested in interest, not contingent. Cf. McClelland v. Bank of Clarksdale, 238 Miss. 557, 119 So.2d 262 (1960); Hays v. Cole, 221 Miss. 459, 73 So.2d 258 (1954). In addition to the manifest intent of the will, this is in accord with the general principles that an'interest will be held to be contingent only where testator’s purpose to that effect is clearly shown, and between two or more reasonably possible periods for vesting, preference will be given to the earlier time, unless a contrary intention appears from the will.' See Leach and Logan, Future Interests and Estate *855 Planning 253-54 (1961) ; Simes and Smith, Future Interests §§ 573, 576 (2d ed. 1956).
 Moreover, the bequests do not contain a condition subsequent which would terminate the gifts to testator’s nephew and niece. The money belongs to them, but they simply will not start “drawing” it “until they start college.” The fact that the words of gift to the intended takers consists of a direction to divide and pay over at some future date “is not a material factor in determining the existence of a requirement of survival to the date of distribution.” 3 Restatement of Property § 260 (1940). This “divide and pay over” rule provides that gifts made by way of a direction to pay are to be considered contingent upon survival of the named taker to the time of vesting and possession. Simes and Smith, Future Interests § 657 at 120 (2d ed. 1956).
Many of the more recent decisions have repudiated the rule by indicating that the fact that the terms of the gift consist of a direction to divide and pay over is not significant in determining whether the interest is vested or contingent. See Simes and Smith, Future Interests § 658 at 129-30 (2d ed. 1956). Schlater v. Lee, 117 Miss. 701, 78 So. 700 (1918) indicates that this is the view in this jurisdiction, and we so hold.
Moreover, even in those jurisdictions which still purport to apply the “divide and pay over rule,” two major exceptions have been applied which in effect nullify the rule as one of construction. Atchison v. Francis, 182 Iowa 37, 165 N.W. 587, L.R.A. 1918E, 1087 (1917); Simes and Smith, Future Interests § 658 (2d ed. 1958) ; 5 American Law. of Property § 21.21 (1952) ; Leach and Logan, Future Interests and Estate Planning 323-24 (1961); cf. In re Crane, 164 N.Y. 71, 76, 58 N.E. 47, 48 (1900). If either of the named beneficiaries of the trusts dies before the vested interest in it becomes possessory, the interest is transmissible to his or her estate.
Accordingly, the incomfe and interest from the funds become the property of the beneficiaries of these trusts, subject to the testator’s restrictions upon the time of disbursement. Gaines v. Klein, 203 Miss. 271, 34 So.2d 489 (1948); Gordon v. James, 86 Miss. 719, 39 So. 18, 1 L.R.A.,N.S., 461 (1905); Dowd v. White, 34 Miss. 510 (1857); 57 Am.Jur., Wills, § 1216 (1940).
Affirmed.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.